ORIGINAL



1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
   Facsimile: (530) 894-8244
5
6  Attorneys for Plaintiff
7
8
9              UNITED STATES DISTRICT COURT
10            SOUTHERN DISTRICT OF CALIFORNIA
11
12                                    '08 CV 0105 L NLS
13  CHRIS KOHLER,                )  No.
14        Plaintiff,              )
                                  )  **Plaintiff's Complaint**
15        vs.                     )
16  STONECREST GAS & WASH,        )
17  INC. dba STONECREST SHELL;    )
    STONECREST PLAZA, LLC;        )
18  BARRY JAY STONE;              )
19  STONECREST SQUARE AUTO        )
20  CENTER, LLC; VINCENT          )
    MANNO, TRUSTEE of the         )
21  VINCENT D. MANNO TRUST        )
22  AGREEMENT DATED APRIL 23,     )
    1991; CAROL ANN CARLETON,     )
23  TRUSTEE of the CAROL A.       )
24  CARLETON TRUST                )
    AGREEMENT DATED MAY 2,        )
25  1991; FILOMENA R.             )
26  BUCKINGHAM, TRUSTEE of the    )
27  CAROL A. CARLETON TRUST       )
    AGREEMENT DATED MAY 2,        )
28

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

1   1991; AMELIA M. LUCAS,
2   TRUSTEE of the CAROL A.
    CARLETON TRUST
3   AGREEMENT DATED MAY 2,
4   1991; CAROL ANN CARLETON,
5   TRUSTEE of the FILOMENA R.
    BUCKINGHAM TRUST
6   AGREEMENT DATED MAY 2,
7   1991; FILOMENA R.
    BUCKINGHAM, TRUSTEE of the
8   FILOMENA R. BUCKINGHAM
9   TRUST AGREEMENT DATED
10  MAY 2, 1991; AMELIA M.
    LUCAS, TRUSTEE of the
11  FILOMENA R. BUCKINGHAM
12  TRUST AGREEMENT DATED
    MAY 2, 1991; CAROL ANN
13  CARLETON, TRUSTEE of the
14  AMELIA M. LUCAS TRUST
    AGREEMENT DATED MAY 2,
15  1991; FILOMENA R.
16  BUCKINGHAM, TRUSTEE of the
17  AMELIA M. LUCAS TRUST
    AGREEMENT DATED MAY 2,
18  1991; AMELIA M. LUCAS,
19  TRUSTEE of the AMELIA M.
20  LUCAS TRUST AGREEMENT
    DATED MAY 2, 1991; LARRY M.
21  LUCAS, TRUSTEE of the LUCAS
22  FAMILY TRUST U/D/T DATED
    JANUARY 22, 1991; AMELIA M.
23  LUCAS, TRUSTEE of the LUCAS
24  FAMILY TRUST U/D/T DATED
    JANUARY 22, 1991,
25
            Defendants.
26

27

28

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

                    Page 2

I. SUMMARY

1.     This is a civil rights action by plaintiff Chris Kohler ("Kohler") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Stonecrest Shell
3690 Murphy Canyon Road
San Diego, CA 92123
(hereafter "the Gas Station")

2.     Kohler seeks damages, injunctive and declaratory relief, attorney fees and costs, against Stonecrest Gas & Wash, Inc. dba Stonecrest Shell; Stonecrest Plaza, LLC; Barry Jay Stone; Stonecrest Square Auto Center, LLC; Vincent Manno, Trustee of the Vincent D. Manno Trust Agreement dated April 23, 1991; Carol Ann Carleton, Trustee of the Carol A. Carleton Trust Agreement Dated May 2, 1991; Filomena R. Buckingham, Trustee of the Carol A. Carleton Trust Agreement dated May 2, 1991; Amelia M. Lucas, Trustee of the Carol A. Carleton Trust Agreement dated May 2, 1991; Carol Ann Carleton, Trustee of the Filomena R. Buckingham Trust Agreement dated May 2, 1991; Filomena R. Buckingham, Trustee of the Filomena R. Buckingham Trust Agreement dated May 2, 1991; Amelia M. Lucas, Trustee of the Filomena R. Buckingham Trust Agreement dated May 2, 1991; Carol Ann Carleton, Trustee of the Amelia M. Lucas Trust Agreement dated May 2, 1991; Filomena R. Buckingham, Trustee of the Amelia M. Lucas Trust Agreement dated May 2, 1991; Amelia M. Lucas, Trustee of the Amelia M. Lucas Trust Agreement dated May 2, 1991; Larry M. Lucas, Trustee of the Lucas Family Trust U/D/T dated January 22, 1991; and, Amelia M. Lucas, Trustee of the Lucas Family Trust U/D/T dated January 22, 1991 (collectively "Stonecrest Shell") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

1

## II. JURISDICTION

2   3.   This Court has original jurisdiction under 28 U.S.C. §§ 1331 and

3   1343 for ADA claims.

4   4.   Supplemental jurisdiction for claims brought under parallel

5   California law—arising from the same nucleus of operative facts—is predicated

6   on 28 U.S.C. § 1367.

7   5.   Kohler's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

8

## III. VENUE

9   6.   All actions complained of herein take place within the jurisdiction

10   of the United States District Court, Southern District of California, and venue is

11   invoked pursuant to 28 U.S.C. § 1391(b), (c).

12

## IV. PARTIES

13   7.   Stonecrest Shell owns, operates, or leases the Gas Station, and

14   consists of a person (or persons), firm, or corporation.

15   8.   Kohler was shot in the back in 1988, which left him paralyzed from

16   the waist down.  Kohler requires the use of a wheelchair when traveling about in

17   public..  Consequently, Kohler is "physically disabled," as defined by all

18   applicable California and United States laws, and a member of the public whose

19   rights are protected by these laws.

20

## V. FACTS

21   9.    The Gas Station is a service establishment, open to the public,

22   which is intended for nonresidential use and whose operation affects commerce.

23   10.   Kohler visited the Gas Station and encountered barriers (both

24   physical and intangible) that interfered with—if not outright denied—his ability

25   to use and enjoy the goods, services, privileges, and accommodations offered at

26   the facility.  To the extent known by Kohler, the barriers at the Stonecrest Shell

27   included, but are not limited to, the following:

28

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

Page 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- There is no accessible path of travel from the street and sidewalk to the entrance;
- There is a built-up curb ramp that encroaches into the accessible stall;
- The west side entrance's door landing and walkway cross slope exceed 2.0%;
- There is no directional signage along the path of travel (east side of property);
- The tow away signage is not the correct color;
- The tow away signage is missing the text information (ie., telephone number);
- The International Symbol of Accessibility ("ISA") in the accessible stall is not the correct size
- The "van accessible" signage is not the correct dimensions;
- The slope of the accessible stall ranges from 3.9% to 5.3%;
- The slope of the access aisle ranges from 3.4% to 10.3%;
- The ISA on the primary (north side) entrance is not mounted at the correct height;
- The door handles at the primary (north side) entrance are not accessible;
- The ISA on the east side entrance is not mounted at the correct height, nor is it the correct size;
- The door handles on the east side entrance are not accessible;
- The ISA on the west side entrance is not mounted at the correct height, nor is it the correct size;
- There is no volume control nor ISA on either of the public telephones;
- There is no access over the curb to the public telephones;
- The "landing" area around the public telephones does not sit level, and slopes 2.8%;

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

Page 5

- The "landing" area around the air and water supply does not sit level, and slopes 5.1%;
- The ramp on the west side slopes between 5.5% and 7.8% and does not have handrails on both sides;
- There is no curb at the edge of the west side patio drop off;
- The ramp on the west side does not have a level landing at the bottom, nor does it have detectable warnings where the landing intersects the vehicular way;
- The walkway in front of the store to the car wash has cross slopes from 2.4% to 2.9%;
- The landing at the north entry slopes 2.7%;
- The landing at the east entry slopes 4%;
- The landing at the west entry slopes 3.2;
- The door mat at the entry is not securely attached;
- The accessible route to the men's restroom is blocked by merchandise;
- The toilet tissue dispenser is mounted above the side grab bar, creating an obstruction to the side grab bar;
- The toilet tissue dispenser protrudes into the clear maneuvering space needed at the water closet;
- The toilet tissue dispenser is mounted 54 inches from the back wall and is mounted higher than 19 inches;
- The 'P' trap projects 11-½ inches from the back wall into the clear knee space;
- The water heater encroaches into the clear knee space needed underneath the lavatory;
- The stall compartment door does not close completely;
- The distance from the side wall to the center of the water closet is only 16-5/8 inches;

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

1   • The stall door does not have a "U" shaped handle on the outside;

2   • There are no tactile exit signs at the fire exits;

3   • The ISA signs at the fire exits are not mounted at the correct height;

4   • The top of the snack transaction counter is 37 inches from the floor;

5   • The top of the transaction counter is 36 inches from the floor;

6   • The bottom of the concrete patio table is 26-½ inches from the floor

7   • There is no accessible seating on the patio;

8   • There is no signage near the gas pumps informing disabled patrons of how
9     to obtain service assistance;

10  • The card reader is 59 inches above the floor on Pump 1;

11  • The ISA button is 57-¾ inches from the floor on Pump 1;

12  • The paper towel dispenser is mounted at 66 inches on Pump 1;

13  • The windshield scrubber is at 56 inches on Pump 1;

14  • The curb on Pump 1 prevents access to the paper towel dispenser, the
15    windshield scrubber, the card, reader, and the accessible button;

16  • The card reader is 58-½ inches above the floor on Pump 2;

17  • The ISA button is 57-½ inches from the floor on Pump 2;

18  • The horizontal dimension from the face of the curb to the card reader or
19    accessible button is 12 inches on Pump 2;

20  • The card reader is 59 inches above the floor on Pump 3;

21  • The ISA button is 58 inches from the floor on Pump 3;

22  • The card reader is 59 inches above the floor on Pump 4;

23  • The ISA button is 58 inches from the floor on Pump 4;

24  • The card reader is 60 inches above the floor on Pump 5;

25  • The ISA button is 59 inches from the floor on Pump5;

26  • The paper towel dispenser is mounted at 66 inches on Pump 5;

27  • The windshield scrubber is at 56 inches on Pump 5;

28

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

- The curb on Pump 5 prevents access to the paper towel dispenser, the windshield scrubber, the card, reader, and the accessible button;
- The card reader is 60 inches above the floor on Pump 6;
- The ISA button is 59 inches from the floor on Pump 6;
- The card reader is 59 inches above the floor on Pump 7;
- The ISA button is 58 inches from the floor on Pump 7;
- The paper towel dispenser is mounted at 66 inches on Pump 7;
- The windshield scrubber is at 56 inches on Pump 7;
- The curb on Pump 7 prevents access to the paper towel dispenser, the windshield scrubber, the card, reader, and the accessible button;
- The card reader is 59-½ inches above the floor on Pump 8;
- The ISA button is 58-½ inches from the floor on Pump 8;
- The card reader is 59 inches above the floor on Pump 9;
- The ISA button is 57-½ inches from the floor on Pump 9;
- The card reader is 59 inches above the floor on Pump 10;
- The ISA button is 58 inches from the floor on Pump 10;
- The card reader is 59 inches above the floor on Pump 11;
- The ISA button is 58 inches from the floor on Pump 11;
- The paper towel dispenser is mounted at 66 inches on Pump 11;
- The windshield scrubber is at 56 inches on Pump 11;
- The curb on Pump 11 prevents access to the paper towel dispenser, the windshield scrubber, the card, reader, and the accessible button;
- The card reader is 60 inches above the floor on Pump 12;
- The ISA button is 58 inches from the floor on Pump 12;

These barriers prevented Kohler from enjoying full and equal access.

11.     Kohler was also deterred from visiting the Gas Station because he knew that the Gas Station's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

1  himself). He continues to be deterred from visiting the Gas Station because of
2  the future threats of injury created by these barriers.

3      12.   Kohler also encountered barriers at the Gas Station, which violate
4  state and federal law, but were unrelated to his disability. Nothing within this
5  Complaint, however, should be construed as an allegation that Kohler is seeking
6  to remove barriers unrelated to his disability.

7      13.   Stonecrest Shell knew that these elements and areas of the Gas
8  Station were inaccessible, violate state and federal law, and interfere with (or
9  deny) access to the physically disabled.  Moreover, Stonecrest Shell have the
10 financial resources to remove these barriers from the Gas Station (without much
11 difficulty or expense), and make the facility accessible to the physically disabled.
12 To date, however, Stonecrest Shell refuses to either remove those barriers or
13 seek an unreasonable hardship exemption to excuse non-compliance.

14     14.   At all relevant times, Stonecrest Shell has possessed and enjoyed
15 sufficient control and authority to modify the subject property to remove
16 impediments to wheelchair access and to comply with the Americans with
17 Disabilities Act Accessibility Guidelines and Title 24 regulations.  Stonecrest
18 Shell has not removed such impediments and has not modified the subject
19 property to conform to accessibility standards.  Stonecrest Shell has intentionally
20 maintained the subject property in its current condition and has intentionally
21 refrained from altering the subject property so that it complies with the
22 accessibility standards.

23     15.   Kohler further alleges that the (continued) presence of barriers at the
24 facility is so obvious as to establish Stonecrest Shell's discriminatory intent.[1]  On
25 information and belief, Kohler avers that evidence of this discriminatory intent
26 includes Stonecrest Shell's refusal to adhere to relevant building standards;
27
28

---

[1]   E.g., *Gunther v. Lin*, 144 Cal.App.4th 223, fn. 6
*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

1  disregard for the building plans and permits issued for the facility; conscientious
2  decision to the architectural layout (as it currently exists) at the facility; decision
3  not to remove barriers from the facility; and allowance that Stonecrest Shell's
4  property continues to exist in its non-compliant state.  Kohler further alleges, on
5  information and belief, that Stonecrest Shell is not in the midst of a remodel, and
6  that the barriers present at the facility are not isolated (or temporary)
7  interruptions in access due to maintenance or repairs.[2]

8  VI. FIRST CLAIM

9  **Americans with Disabilities Act of 1990**

10  Denial of "Full and Equal" Enjoyment and Use

11      16.    Kohler incorporates the allegations contained in paragraphs 1
12  through 15 for this claim.

13      17.    Title III of the ADA holds as a "general rule" that no individual
14  shall be discriminated against on the basis of disability in the full and equal
15  enjoyment (or use) of goods, services, facilities, privileges, and accommodations
16  offered by any person who owns, operates, or leases a place of public
17  accommodation. 42 U.S.C. § 12182(a).

18      18.    Stonecrest Shell discriminated against Kohler by denying "full and
19  equal enjoyment" and use of the goods, services, facilities, privileges or
20  accommodations of the Gas Station during each visit and each incident of
21  deterrence.

22  Failure to Remove Architectural Barriers in an Existing Facility

23      19.    The ADA specifically prohibits failing to remove architectural
24  barriers, which are structural in nature, in existing facilities where such removal
25  is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily

26
27
28

---

[2]    Id.; 28 C.F.R. § 36.211(b)
*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

Page 10

1  achievable" is defined as "easily accomplishable and able to be carried out
2  without much difficulty or expense." Id. § 12181(9).

3      20.   When an entity can demonstrate that removal of a barrier is not
4  readily  achievable,  a  failure  to  make  goods,  services,  facilities,  or
5  accommodations available through alternative methods is also specifically
6  prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

7      21.   Here, Kohler alleges that Stonecrest Shell can easily remove the
8  architectural barriers at the Gas Station without much difficulty or expense, and
9  that Stonecrest Shell violated the ADA by failing to remove those barriers, when
10 it was readily achievable to do so.

11     22.   In the alternative, if it was not "readily achievable" for Stonecrest
12 Shell to remove the Gas Station's barriers, then Stonecrest Shell violated the
13 ADA by failing to make the required services available through alternative
14 methods, which are readily achievable.

15            Failure to Design and Construct an Accessible Facility
16     23.   On information and belief, the Gas Station was designed or
17 constructed (or both) after January 26, 1992—independently triggering access
18 requirements under Title III of the ADA.

19     24.   The ADA also prohibits designing and constructing facilities for
20 first occupancy after January 26, 1993, that aren't readily accessible to, and
21 usable by, individuals with disabilities when it was structurally practicable to do
22 so. 42 U.S.C. § 12183(a)(1).

23     25.   Here, Stonecrest Shell violated the ADA by designing or
24 constructing (or both) the Gas Station in a manner that was not readily accessible
25 to the physically disabled public—including Kohler—when it was structurally
26 practical to do so.[3]

27

28 ----
[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.
*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

1

Failure to Make an Altered Facility Accessible

2       26.    On information and belief, the Gas Station was modified after

3   January 26, 1992, independently triggering access requirements under the ADA.

4       27.    The ADA also requires that facilities altered in a manner that affects

5   (or could affect) its usability must be made readily accessible to individuals with

6   disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).   Altering

7   an area that contains a facility's primary function also requires adding making

8   the paths of travel, bathrooms, telephones, and drinking fountains serving that

9   area accessible to the maximum extent feasible. Id.

10      28.    Here, Stonecrest Shell altered the Gas Station in a manner that

11  violated the ADA and was not readily accessible to the physically disabled

12  public—including Kohler—to the maximum extent feasible.

13

Failure to Modify Existing Policies and Procedures

14      29.    The ADA also requires reasonable modifications in policies,

15  practices, or procedures, when necessary to afford such goods, services,

16  facilities, or accommodations to individuals with disabilities, unless the entity

17  can demonstrate that making such modifications would fundamentally alter their

18  nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

19      30.    Here, Stonecrest Shell violated the ADA by failing to make

20  reasonable modifications in policies, practices, or procedures at the Gas Station,

21  when these modifications were necessary to afford (and would not fundamentally

22  alter the nature of) these goods, services, facilities, or accommodations.

23      31.    Kohler seeks all relief available under the ADA (*i.e.*, injunctive

24  relief, attorney fees, costs, legal expense) for these aforementioned violations. 42

25  U.S.C. § 12205.

26      32.    Kohler also seeks a finding from this Court (*i.e.,* declaratory relief)

27  that Stonecrest Shell violated the ADA in order to pursue damages under

28  California's Unruh Civil Rights Act or Disabled Persons Act.

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

Page 12

VII. SECOND CLAIM

**Disabled Persons Act**

33. Kohler incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, Stonecrest Shell discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Gas Station. Stonecrest Shell also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. He also seeks to enjoin Stonecrest Shell from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VIII. THIRD CLAIM

**Unruh Civil Rights Act**

40.    Kohler incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41.    California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42.    California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43.    California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44.    Stonecrest Shell's aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45.    These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

46.    Kohler was damaged by Stonecrest Shell's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47.    Kohler also seeks to enjoin Stonecrest Shell from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

1

## IX. FOURTH CLAIM

2

### Denial of Full and Equal Access to Public Facilities

3          48.    Kohler incorporates the allegations contained in paragraphs 1

4    through 13 for this claim.

5          49.    Health and Safety Code § 19955(a) states, in part, that: California

6    public accommodations or facilities (built with private funds) shall adhere to the

7    provisions of Government Code § 4450.

8          50.    Health and Safety Code § 19959 states, in part, that: Every existing

9    (non-exempt) public accommodation constructed prior to July 1, 1970, which is

10   altered or structurally repaired, is required to comply with this chapter.

11         51.    Kohler alleges the Gas Station is a public accommodation

12   constructed, altered, or repaired in a manner that violates Part 5.5 of the Health

13   and Safety Code or Government Code § 4450 (or both), and that the Gas Station

14   was not exempt under Health and Safety Code § 19956.

15         52.    Stonecrest Shell's non-compliance with these requirements at the

16   Gas Station aggrieved (or potentially aggrieved) Kohler and other persons with

17   physical disabilities.  Accordingly, he seeks injunctive relief and attorney fees

18   pursuant to Health and Safety Code § 19953.

19

## X. PRAYER FOR RELIEF

20   WHEREFORE, Kohler prays judgment against Stonecrest Shell for:

21   1.    Injunctive relief, preventive relief, or any other relief the Court deems

22   proper.

23   2.    Declaratory relief that Stonecrest Shell violated the ADA for the purposes

24   of Unruh Act or Disabled Persons Act damages.

25

26

27

28

*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

1    3.    Statutory minimum damages under either sections 52(a) or 54.3(a) of the

2    California Civil Code (but not both) according to proof.

3    4.    Attorneys' fees, litigation expenses, and costs of suit.[4]

4    5.    Interest at the legal rate from the date of the filing of this action.

5

6    DATED: January 16, 2008          DISABLED ADVOCACY GROUP, APLC

7

8

9                                     LYNN HUBBARD, III
                                      Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4]    This includes attorneys' fees under California Code of Civil Procedure § 1021.5.
*Kohler v. Stonecrest Shell, et al.*
**Plaintiff's Complaint**

Page 16



JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS
CHRIS KOHLER

(b)  County of Residence of First Listed Plaintiff    SAN DIEGO
        (EXCEPT IN U.S. PLAINTIFF CASES)

(c)  Attorney's (Firm Name, Address, and Telephone Number)
DISABLED ADVOCACY GROUP, APLC   (530) 895-3252
12 WILLIAMSBURG LANE CHICO, CA 95926

## DEFENDANTS
SEE ATTACHED LIST

County of Residence of First Listed Defendant
        (IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
          LAND INVOLVED.

Attorneys (If Known)   '08 CV 0105        NLS

FILED
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
08 JAN 17 PM 4:00
BY:            DEPUTY

## II.  BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
        Plaintiff

☒ 3  Federal Question
        (U.S. Government Not a Party)

☐ 2  U.S. Government
        Defendant

☐ 4  Diversity
        (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
          (For Diversity Cases Only)                                  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☒ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI.  CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.
Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII.  REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23        DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE                                    DOCKET NUMBER

DATE    01/15/2008

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #  146555   AMOUNT  $350 - 1/17/08 BH   APPLYING IFP            JUDGE                    MAG. JUDGE

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs-Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    Residence (citizenship) of Principal Parties. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity.        Example:        U.S. Civil Statute: 47 USC 553
                                              Brief Description: Unauthorized reception of cable service

VII.    Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    Related Cases. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.

# **LIST OF DEFENDANTS**

1. STONECREST GAS & WASH, INC. DBA STONECREST SHELL
2. STONECREST PLAZA, LLC
3. BARRY JAY STONE
4. VINCENT MANNO, TRUSTEE of the VINCENT D. MANNO TRUST AGREEMENT DATED APRIL 23, 1991
5. CAROL ANN CARLETON, TRUSTEE of the CAROL A. CARLETON TRUST AGREEMENT DATED MAY 2, 1991
6. FILOMENA R. BUCKINGHAM, TRUSTEE of the CAROL A. CARLETON TRUST AGREEMENT DATED MAY 2, 1991
7. AMELIA M. LUCAS, TRUSTEE of the CAROL A. CARLETON TRUST AGREEMENT DATED MAY 2, 1991
8. CAROL ANN CARLETON, TRUSTEE of the FILOMENA R. BUCKINGHAM TRUST AGREEMENT DATED MAY 2, 1991
9. FILOMENA R. BUCKINGHAM, TRUSTEE of the FILOMENA R. BUCKINGHAM TRUST AGREEMENT DATED MAY 2, 1991
10. AMELIA M. LUCAS, TRUSTEE of the FILOMENA R. BUCKINGHAM TRUST AGREEMENT DATED MAY 2, 1991
11. CAROL ANN CARLETON, TRUSTEE of the AMELIA M. LUCAS TRUST AGREEMENT DATED MAY 2, 1991
12. FILOMENA R. BUCKINGHAM, TRUSTEE of the AMELIA M. LUCAS TRUST AGREEMENT DATED MAY 2, 1991
13. AMELIA M. LUCAS, TRUSTEE of the AMELIA M. LUCAS TRUST AGREEMENT DATED MAY 2, 1991
14. LARRY M. LUCAS, TRUSTEE of the LUCAS FAMILY TRUST U/D/T DATED JANUARY 22, 1991
15. AMELIA M. LUCAS, TRUSTEE of the LUCAS FAMILY TRUST U/D/T DATED JANUARY 22, 1991

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 146555     – BH**

**January 17, 2008
15:54:42**

**Civ Fil Non-Pris**
USAO #.: 08CV0105 CIVIL FILING
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC# 20556

**Total-> $350.00**

FROM: KOHLER V. SHELL ET AL
        CIVIL FILING