1   Robert W.  Zickert, Esq.
    State Bar No. 106510
2   LAW OFFICE OF ROBERT W. ZICKERT
    444 West "C" Street, Suite 200
3   San Diego, California 92101
    Telephone: (619) 685-6888
4   Facsimile: (619) 544-1961
    rzickert@aol.com
5
    Attorney for Defendants,
6   STONECREST GAS & WASH, INC. and
    STONECREST PLAZA, LLC
7

8                  **UNITED STATES DISTRICT COURT**

9                **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  CHRIS KOHLER,                    )   CASE NO. 08-CV-0105 L NLS
                                     )
12          Plaintiff,               )
                                     )
13  v.                               )   **DEFENDANTS, STONECREST GAS &**
                                     )   **WASH, INC. dba STONECREST**
14  STONECREST GAS & WASH, INC. dba) **SHELL AND STONECREST PLAZA,**
    STONECREST SHELL; STONECREST  )   **LLC'S, ANSWER TO THE CIVIL**
15  PLAZA, LLC; BARRY JAY STONE;   )   **COMPLAINT**
    STONECREST SQUARE AUTO CENTER, )
16  LLC; VINCENT MANNO, TRUSTEE of )
    the VINCENT D. MANNO TRUST     )
17  AGREEMENT DATED APRIL 23, 1991;)
    CAROL ANN CARLETON, TRUSTEE of )
18  the CAROL A. CARLETON TRUST    )
    AGREEMENT DATED MAY 2, 1991;   )
19  FILOMENA R. BUCKINGHAM, TRUSTEE)
    of the CAROL A. CARLETON TRUST )
20  AGREEMENT DATED MAY 2, 1991;   )
    AMELIA M. LUCAS, TRUSTEE of the)
21  CAROL A. CARLETON TRUST        )
    AGREEMENT DATED MAY 2, 1991;   )
22  CAROL ANN CARLETON, TRUSTEE of )
    the FILOMENA R. BUCKINGHAM     )
23  TRUST AGREEMENT DATED MAY 2,   )
    1991; FILOMENA R. BUCKINGHAM,  )
24  TRUSTEE of the FILOMENA R.     )
    BUCKINGHAM TRUST AGREEMENT     )
25  DATED MAY 2, 1991; AMELIA M.   )
    LUCAS, TRUSTEE of the FILOMENA )
26  R. BUCKINGHAM TRUST AGREEMENT  )
    DATED MAY 2, 1991; CAROL ANN   )
27  CARLETON, TRUSTEE of the       )
    FILOMENA R. BUCKINGHAM TRUST   )
28  AGREEMENT DATED MAY 2, 1991;   )

                                     1

1 | FILOMENA R. BUCKINGHAM, TRUSTEE)
2 | of the AMELIA M. LUCAS TRUST  )
  | AGREEMENT DATED MAY 2, 1991;  )
  | AMELIA M. LUCAS, TRUSTEE of the)
3 | AMELIA M. LUCAS TRUST AGREEMENT)
  | DATED MAY 2, 1991; LARRY M.    )
4 | LUCAS, TRUSTEE of the LUCAS     )
  | FAMILY TRUST U/D/T DATED        )
5 | JANUARY 22, 1991; AMELIA M.     )
  | LUCAS, TRUSTEE of the LUCAS     )
6 | FAMILY TRUST U/D/T DATED        )
  | JANUARY 22, 1991,               )
7 |                                 )
  |          Defendants.            )
8 | _____)

**COME NOW** Defendants, STONECREST GAS & WASH, INC. dba STONECREST SHELL and STONECREST PLAZA, LLC, and severing themselves from the other defendants and in answer to the Plaintiff's Civil Complaint on file herein, and each claim contained therein, admit, deny and allege as follows.

## I.   GENERAL ("Summary") ALLEGATIONS

1.   In response to paragraphs 1 and 2 of the General Allegations contained in the Civil Complaint, these answering Defendants deny each and every allegation contained therein.

## II.   JURISDICTION

2.   In response to paragraphs 3, 4 and 5 of the Civil Complaint, these answering Defendants admit that the Court has original jurisdiction of this matter.

## III.   VENUE

3.   In response to paragraph 6 of the Civil Complaint, these answering Defendants admit each and every allegation contained therein.

///

///

ANSWER TO CIVIL COMPLAINT                                    08 CV 0105 L NLS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV.  **PARTIES**

4.    In response to paragraphs 7 and 8 of the Civil Complaint, these answering Defendants deny the allegations contained therein.

### V.  **FACTS**

6.    In response to paragraph 9 of the Civil Complaint, these answering Defendants admit that the building, structure, facility, complex, property, land, development and/or surrounding business complex identified in paragraph 1 of the Civil Complaint as "the Gas Station" is open to the public.

7.    In response to paragraphs 13, 14 and 15 of the Civil Complaint, these answering Defendants deny the allegations contained therein.

8.    In response to paragraphs 10, 11 and 12 of the Civil Complaint, these answering Defendants deny having sufficient knowledge and information to form a belief as to those allegations and, as such, hereby deny said allegations.

### **CLAIMS**

### VI. **First Claim: AMERICANS WITH DISABILITIES ACT OF 1990**

### **Denial of "Full and Equal" Enjoyment and Use**

9.    In response to paragraph 16 of the Civil Complaint, these answering Defendants reallege and incorporate their responses to the General ("Summary") Allegations, Jurisdiction, Venue, Parties and Facts, Sections I through V of the Civil Complaint, and paragraphs 1-8 above, as though set forth in full herein.

10.    These answering Defendants deny having sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 17 and 18 of the Civil Complaint, and, as

1    such, hereby deny said allegations.

2    **Failure to Remove Architectural Barriers in Existing Facility**

3        11. These answering Defendants deny having sufficient

4    knowledge and information to form a belief as to the allegations

5    contained in paragraphs 19, 20, 21 and 22 of the Civil Complaint,

6    and, as such, hereby deny said allegations.

7        **Failure to Design and Construct an Accessible Facility**

8        12. These answering Defendants deny having sufficient

9    knowledge and information to form a belief as to the allegations

10   contained in paragraphs 23, 24 and 25 of the Civil Complaint,

11   and, as such, hereby deny said allegations.

12       **Failure to Design and Construct an Accessible Facility**

13       13. These answering Defendants deny having sufficient

14   knowledge and information to form a belief as to the allegations

15   contained in paragraphs 23, 24 and 25 of the Civil Complaint,

16   and, as such, hereby deny said allegations.

17       **Failure to Make an Altered Facility Accessible**

18       14. These answering Defendants deny having sufficient

19   knowledge and information to form a belief as to the allegations

20   contained in paragraphs 26, 27 and 28 of the Civil Complaint,

21   and, as such, hereby deny said allegations.

22       **Failure to Modify Existing Policies and Procedures**

23       15. These answering Defendants deny having sufficient

24   knowledge and information to form a belief as to the allegations

25   contained in paragraphs 29, 30, 31 and 32 of the Civil Complaint,

26   and, as such, hereby deny said allegations.

27   ///

28   ///

---

ANSWER TO CIVIL COMPLAINT                    4                    08 CV 0105 L NLS

1        **VII.  SECOND CLAIM: DISABLED PERSONS ACT**

2        16.   In response to paragraph 33 of the Civil Complaint, these

3    answering Defendants reallege and incorporate their responses to

4    the General ("Summary") Allegations, Jurisdiction, Venue, Parties

5    and Facts, and First Claim, Sections I through VI of the Civil

6    Complaint, and paragraphs 1-15 above, as though set forth in full

7    herein.

8        17.   These   answering   Defendants   deny   having   sufficient

9    knowledge and information to form a belief as to the allegations

10   contained in paragraphs 34, 35, 36, 37, 38 and 39 of the Civil

11   Complaint, and, as such, hereby deny said allegations.

12       **VIII.  THIRD CLAIM: UNRUH CIVIL RIGHTS ACT**

13       18.   In response to paragraph 40 of the Civil Complaint, these

14   answering Defendants reallege and incorporate their responses to

15   the General ("Summary") Allegations, Jurisdiction, Venue, Parties

16   and Facts, First Claim and Second Claim, Sections I through VII

17   of the Civil Complaint, and paragraphs 1-17 above, as though set

18   forth in full herein.

19       19.   These   answering   Defendants   deny   having   sufficient

20   knowledge and information to form a belief as to the allegations

21   contained in paragraphs 41, 42, 43, 44, 45, 46 and 47 of the

22   Civil Complaint, and, as such, hereby deny said allegations.

23       **IX.  FOURTH CLAIM: DENIAL OF FULL AND EQUAL ACCESS**

24              **TO PUBLIC FACILITIES**

25       20.   In response to paragraph 48 of the Civil Complaint, these

26   answering Defendants reallege and incorporate their responses to

27   the General ("Summary") Allegations, Jurisdiction, Venue, Parties

28   and Facts, First Claim, Second Claim and Third Claim, Sections I

ANSWER TO CIVIL COMPLAINT                                08 CV 0105 L NLS

1  through VIII of the Civil Complaint, and paragraphs 1-19 above,
2  as though set forth in full herein.

3      21.  These  answering  Defendants  deny  having  sufficient
4  knowledge and information to form a belief as to the allegations
5  contained in paragraphs 49, 50, 51 and 52 of the Civil Complaint,
6  and, as such, hereby deny said allegations.

7                      **AFFIRMATIVE DEFENSES**

8      These answering Defendants affirmatively allege as follows:

9                  **FIRST AFFIRMATIVE DEFENSE**

10     As a first separate and affirmative defense to the Plaintiff's
11  Civil Complaint, these answering Defendants allege that the Civil
12  Complaint on file herein fails to state a claim upon which relief
13  can be granted against these answering Defendants.

14                 **SECOND AFFIRMATIVE DEFENSE**

15     As  a  second  separate  and  affirmative  defense  to  the
16  Plaintiff's Civil Complaint, these answering Defendants allege
17  that  the  Civil  Complaint  on  file  herein  is  barred  by  the
18  applicable statute of limitations, including, but not limited to,
19  Code of Civil Procedure section 338.

20                  **THIRD AFFIRMATIVE DEFENSE**

21     As a third separate and affirmative defense to the Plaintiff's
22  Civil Complaint, these answering Defendants alleges that they did
23  not  engage  in  discriminatory  conduct  based  on  the  alleged
24  disability of an individual which deprived said individual of
25  full  and  equal  enjoyment  of  goods,  services,  facilities,
26  privileges, advantages, or accommodations of any place of public
27  accommodation.

28  ///

                                  6

1

### FOURTH AFFIRMATIVE DEFENSE

2     As a fourth separate and affirmative defense to the
3    Plaintiff's Civil Complaint, these answering Defendants allege
4    that if any violations exist, which these answering Defendants
5    adamantly deny, taking any steps to remedy said violations could
6    only be accomplished with significant difficulty and expense
7    thereby resulting in an "undue burden" to these answering
8    Defendants [42 USC § 12182(b)(2)(A)(iii)].

9

### FIFTH AFFIRMATIVE DEFENSE

10    As a fifth separate and affirmative defense to the Plaintiff's
11    Civil Complaint, these answering Defendants allege that if any
12    violations exist, which these answering Defendants adamantly deny,
13    when balancing the economic concerns of the businesses, STONECREST
14    GAS & WASH, INC. and STONECREST PLAZA, LLC, with the rights of the
15    individual, the removal of said violations are not "readily
16    achievable" [42 USC §12182(b)(2)(A)(iv)].

17

### SIXTH AFFIRMATIVE DEFENSE

18    As a sixth separate and affirmative defense to the Plaintiff's
19    Civil Complaint, these answering Defendants allege that less
20    accessibility is permitted for retrofitted structures than is
21    required for construction or alterations commencing after January
22    26, 1992.

23

### SEVENTH AFFIRMATIVE DEFENSE

24    As a seventh separate and affirmative defense to the
25    Plaintiff's Civil Complaint, these answering Defendants allege
26    that the Plaintiff has failed to exhaust all State Court
27    Administrative Remedies as required by 42 U.S.C. §2000 a-3(a),
28    thereby subjecting the Civil Complaint to a Motion to Dismiss.

1

### EIGHTH AFFIRMATIVE DEFENSE

2      As an eighth separate and affirmative defense to the
3  Plaintiff's Civil Complaint, these answering Defendants allege
4  that they employed good faith efforts to comply with the
5  Americans With Disabilities Act.

6

### NINTH AFFIRMATIVE DEFENSE

7      As a ninth separate and affirmative defense to the Plaintiff's
8  Civil Complaint, these answering Defendants allege that the
9  Plaintiff and Plaintiff's counsel are barred from relief sought
10  in the Civil Complaint by the doctrine of unclean hands.

11

### TENTH AFFIRMATIVE DEFENSE

12      As a tenth separate and affirmative defense to the Plaintiff's
13  Civil Complaint, these answering Defendants allege that there has
14  been no violation of the Unruh Civil Rights Act, in that the Act
15  does not require any construction, alteration, repair (structural
16  or otherwise) or modification of any sort whatsoever to any
17  existing establishment or building or any other structure (Civil
18  Code section 51).

19

### ELEVENTH AFFIRMATIVE DEFENSE

20      As an eleventh separate and affirmative defense to the
21  Plaintiff's Civil Complaint, these answering Defendants allege
22  that at the time and place of the alleged failure to make the
23  facility accessible, any resultant injuries sustained by the
24  Plaintiff, if any, or damages, if any, were proximately
25  contributed to and caused by the failure of the Plaintiff to
26  exercise proper and/or ordinary care, caution or prudence on his
27  own behalf at the time of said incident, and said failure on
28  Plaintiff's part bars or diminished Plaintiff's recovery herein.

8

1

**TWELFTH AFFIRMATIVE DEFENSE**

2       As a twelfth separate and affirmative defense to the

3   Plaintiff's Civil Complaint, these answering Defendants allege

4   that at all times mentioned herein, Plaintiff failed to use

5   reasonable care to reduce and minimize as much as reasonably

6   possible his damages, if any, and that said failure was the

7   direct and proximate cause of any and all damage sustained by

8   Plaintiff, if any, and therefore, these answering Defendants are

9   not liable to the Plaintiff for damages.

10

**THIRTEENTH AFFIRMATIVE DEFENSE**

11      As a thirteenth separate and affirmative defense to the

12  Plaintiff's Civil Complaint, these answering Defendants allege that

13  if Plaintiff suffered or sustained any damages alleged in the Civil

14  Complaint, those damages were proximately caused and contributed to

15  by persons other than these answering Defendants, and liability for

16  all responsible parties, named or unnamed, should be apportioned

17  according to the relative degrees of fault and the liability of

18  these answering Defendants should be reduced accordingly.

19

**FOURTEENTH AFFIRMATIVE DEFENSE**

20      As a fourteenth separate and affirmative defense to the

21  Plaintiff's Civil Complaint, these answering Defendants allege

22  and asserts the Fair Responsibility Act of 1986, codified at

23  Civil Code section 1431-1431.5, limits specified damages

24  recoverable by Plaintiff against this answering Defendant to that

25  portion of Plaintiff's damages which are attributable to these

26  answering Defendants' percentage of fault or liability, if any.

27  ///

28  ///

### FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants are informed and believe and based thereon allege that Plaintiff has no standing to file this lawsuit, as he is not a resident of San Diego County.

### SIXTEENTH AFFIRMATIVE DEFENSE

These answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated affirmative defenses. These answering Defendants herein expressly reserve the right to amend their Answer, upon application to the Court or stipulation of the parties, to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE**, these answering Defendant pray for judgment against Plaintiff herein as follows:

(1) That the Plaintiff take nothing by reason of his Civil Complaint;

(2) For equitable contribution by any Defendants or Counter-Defendants, and each of them, on the basis of an apportionment of their respective degrees of legally responsible conduct toward satisfaction of any award or judgment obtained by the Plaintiff;

(3) That these answering Defendants be awarded their attorney's fees and costs of suit incurred herein; and

///

///

1        (4)  For such other and further relief as the court may deem

2              just and proper.

3

4    DATED: February 19, 2008       **LAW OFFICE OF ROBERT W. ZICKERT**

5

6

7                                  By

8                                    Robert W. Zickert, Esq.

                                  Attorney for Defendants,

9                                    STONECREST GAS & WASH, INC. and

                                STONECREST PLAZA, LLC

10

11                      **CERTIFICATE OF SERVICE**

12    I hereby certify that a copy of the foregoing **DEFENDANTS,
STONECREST GAS & WASH, INC. dba STONECREST SHELL AND STONECREST**

13    **PLAZA, LLC'S, ANSWER TO THE CIVIL COMPLAINT** was this date served
upon all counsel of record by placing a copy of the same in the

14    United States Mail, postage prepaid, and sent to their last known
address as follows:

15

16    Lynn Hubbard, III, Esq.     Attorneys for Plaintiff,
    Scott Lynn J. Hubbard, IV, Esq.  CHRIS KOHLER

17        Disabled Advocacy Group, APLC
    12 Williamsburg Lane

18        Chico, CA 95926
    Telephone: (530) 895-3252

19        Facsimile: (530) 894-8244

20    Executed at San Diego, California this 19th day of February, 2008.

21

22    Norma Vincent

23    444 W. "C" St., Ste. 200
    San Diego, CA 92101

24

25

26

27

28

ANSWER TO CIVIL COMPLAINT                          08 CV 0105 L NLS