```
 1  Robert W. Zickert, Esq.
    State Bar No. 106510
 2  LAW OFFICE OF ROBERT W. ZICKERT
    444 West "C" Street, Suite 200
 3  San Diego, California 92101
    Telephone: (619) 685-6888
 4  Facsimile: (619) 544-1961
    rzickert@aol.com
 5
    Attorney for Defendants,
 6  STONECREST GAS & WASH, INC. and
    STONECREST PLAZA, LLC
 7
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER, | CASE NO. 08-CV-0105 L NLS |
| Plaintiff, | |
| v. | **DEFENDANTS, STONECREST GAS & WASH, INC. dba STONECREST SHELL AND STONECREST PLAZA, LLC'S, ANSWER TO THE CIVIL COMPLAINT** |
| STONECREST GAS & WASH, INC. dba STONECREST SHELL; STONECREST PLAZA, LLC; BARRY JAY STONE; STONECREST SQUARE AUTO CENTER, LLC; VINCENT MANNO, TRUSTEE of the VINCENT D. MANNO TRUST AGREEMENT DATED APRIL 23, 1991; CAROL ANN CARLETON, TRUSTEE of the CAROL A. CARLETON TRUST AGREEMENT DATED MAY 2, 1991; FILOMENA R. BUCKINGHAM, TRUSTEE of the CAROL A. CARLETON TRUST AGREEMENT DATED MAY 2, 1991; AMELIA M. LUCAS, TRUSTEE of the CAROL A. CARLETON TRUST AGREEMENT DATED MAY 2, 1991; CAROL ANN CARLETON, TRUSTEE of the FILOMENA R. BUCKINGHAM TRUST AGREEMENT DATED MAY 2, 1991; FILOMENA R. BUCKINGHAM, TRUSTEE of the FILOMENA R. BUCKINGHAM TRUST AGREEMENT DATED MAY 2, 1991; AMELIA M. LUCAS, TRUSTEE of the FILOMENA R. BUCKINGHAM TRUST AGREEMENT DATED MAY 2, 1991; CAROL ANN CARLETON, TRUSTEE of the FILOMENA R. BUCKINGHAM TRUST AGREEMENT DATED MAY 2, 1991; | |

```
FILOMENA R. BUCKINGHAM, TRUSTEE )
of the AMELIA M. LUCAS TRUST    )
AGREEMENT DATED MAY 2, 1991;    )
AMELIA M. LUCAS, TRUSTEE of the )
AMELIA M. LUCAS TRUST AGREEMENT )
DATED MAY 2, 1991; LARRY M.     )
LUCAS, TRUSTEE of the LUCAS     )
FAMILY TRUST U/D/T DATED        )
JANUARY 22, 1991; AMELIA M.     )
LUCAS, TRUSTEE of the LUCAS     )
FAMILY TRUST U/D/T DATED        )
JANUARY 22, 1991,               )
                                )
           Defendants.          )
_____)
```

**COME NOW** Defendants, STONECREST GAS & WASH, INC. dba STONECREST SHELL and STONECREST PLAZA, LLC, and severing themselves from the other defendants and in answer to the Plaintiff's Civil Complaint on file herein, and each claim contained therein, admit, deny and allege as follows.

### I.  GENERAL ("Summary") ALLEGATIONS

1. In response to paragraphs 1 and 2 of the General Allegations contained in the Civil Complaint, these answering Defendants deny each and every allegation contained therein.

### II.  JURISDICTION

2. In response to paragraphs 3, 4 and 5 of the Civil Complaint, these answering Defendants admit that the Court has original jurisdiction of this matter.

### III.  VENUE

3. In response to paragraph 6 of the Civil Complaint, these answering Defendants admit each and every allegation contained therein.

///

///

## IV. PARTIES

4. In response to paragraphs 7 and 8 of the Civil Complaint, these answering Defendants deny the allegations contained therein.

## V. FACTS

6. In response to paragraph 9 of the Civil Complaint, these answering Defendants admit that the building, structure, facility, complex, property, land, development and/or surrounding business complex identified in paragraph 1 of the Civil Complaint as "the Gas Station" is open to the public.

7. In response to paragraphs 13, 14 and 15 of the Civil Complaint, these answering Defendants deny the allegations contained therein.

8. In response to paragraphs 10, 11 and 12 of the Civil Complaint, these answering Defendants deny having sufficient knowledge and information to form a belief as to those allegations and, as such, hereby deny said allegations.

## CLAIMS

### VI. First CLAIM: AMERICANS WITH DISABILITIES ACT OF 1990
### Denial of "Full and Equal" Enjoyment and Use

9. In response to paragraph 16 of the Civil Complaint, these answering Defendants reallege and incorporate their responses to the General ("Summary") Allegations, Jurisdiction, Venue, Parties and Facts, Sections I through V of the Civil Complaint, and paragraphs 1-8 above, as though set forth in full herein.

10. These answering Defendants deny having sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 17 and 18 of the Civil Complaint, and, as

such, hereby deny said allegations.

**Failure to Remove Architectural Barriers in Existing Facility**

11. These answering Defendants deny having sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 19, 20, 21 and 22 of the Civil Complaint, and, as such, hereby deny said allegations.

**Failure to Design and Construct an Accessible Facility**

12. These answering Defendants deny having sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 23, 24 and 25 of the Civil Complaint, and, as such, hereby deny said allegations.

**Failure to Design and Construct an Accessible Facility**

13. These answering Defendants deny having sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 23, 24 and 25 of the Civil Complaint, and, as such, hereby deny said allegations.

**Failure to Make an Altered Facility Accessible**

14. These answering Defendants deny having sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 26, 27 and 28 of the Civil Complaint, and, as such, hereby deny said allegations.

**Failure to Modify Existing Policies and Procedures**

15. These answering Defendants deny having sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 29, 30, 31 and 32 of the Civil Complaint, and, as such, hereby deny said allegations.

///

///

### VII. SECOND CLAIM: DISABLED PERSONS ACT

16. In response to paragraph 33 of the Civil Complaint, these answering Defendants reallege and incorporate their responses to the General ("Summary") Allegations, Jurisdiction, Venue, Parties and Facts, and First Claim, Sections I through VI of the Civil Complaint, and paragraphs 1-15 above, as though set forth in full herein.

17. These answering Defendants deny having sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 34, 35, 36, 37, 38 and 39 of the Civil Complaint, and, as such, hereby deny said allegations.

### VIII. THIRD CLAIM: UNRUH CIVIL RIGHTS ACT

18. In response to paragraph 40 of the Civil Complaint, these answering Defendants reallege and incorporate their responses to the General ("Summary") Allegations, Jurisdiction, Venue, Parties and Facts, First Claim and Second Claim, Sections I through VII of the Civil Complaint, and paragraphs 1-17 above, as though set forth in full herein.

19. These answering Defendants deny having sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 41, 42, 43, 44, 45, 46 and 47 of the Civil Complaint, and, as such, hereby deny said allegations.

### IX. FOURTH CLAIM: DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES

20. In response to paragraph 48 of the Civil Complaint, these answering Defendants reallege and incorporate their responses to the General ("Summary") Allegations, Jurisdiction, Venue, Parties and Facts, First Claim, Second Claim and Third Claim, Sections I

through VIII of the Civil Complaint, and paragraphs 1-19 above, as though set forth in full herein.

21. These answering Defendants deny having sufficient knowledge and information to form a belief as to the allegations contained in paragraphs 49, 50, 51 and 52 of the Civil Complaint, and, as such, hereby deny said allegations.

## AFFIRMATIVE DEFENSES

These answering Defendants affirmatively allege as follows:

## FIRST AFFIRMATIVE DEFENSE

As a first separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that the Civil Complaint on file herein fails to state a claim upon which relief can be granted against these answering Defendants.

## SECOND AFFIRMATIVE DEFENSE

As a second separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that the Civil Complaint on file herein is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure section 338.

## THIRD AFFIRMATIVE DEFENSE

As a third separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants alleges that they did not engage in discriminatory conduct based on the alleged disability of an individual which deprived said individual of full and equal enjoyment of goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.

///

**FOURTH AFFIRMATIVE DEFENSE**

As a fourth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that if any violations exist, which these answering Defendants adamantly deny, taking any steps to remedy said violations could only be accomplished with significant difficulty and expense thereby resulting in an "undue burden" to these answering Defendants [42 USC § 12182(b)(2)(A)(iii)].

**FIFTH AFFIRMATIVE DEFENSE**

As a fifth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that if any violations exist, which these answering Defendants adamantly deny, when balancing the economic concerns of the businesses, STONECREST GAS & WASH, INC. and STONECREST PLAZA, LLC, with the rights of the individual, the removal of said violations are not "readily achievable" [42 USC §12182(b)(2)(A)(iv)].

**SIXTH AFFIRMATIVE DEFENSE**

As a sixth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that less accessibility is permitted for retrofitted structures than is required for construction or alterations commencing after January 26, 1992.

**SEVENTH AFFIRMATIVE DEFENSE**

As a seventh separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that the Plaintiff has failed to exhaust all State Court Administrative Remedies as required by 42 U.S.C. §2000 a-3(a), thereby subjecting the Civil Complaint to a Motion to Dismiss.

**EIGHTH AFFIRMATIVE DEFENSE**

As an eighth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that they employed good faith efforts to comply with the Americans With Disabilities Act.

**NINTH AFFIRMATIVE DEFENSE**

As a ninth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that the Plaintiff and Plaintiff's counsel are barred from relief sought in the Civil Complaint by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

As a tenth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that there has been no violation of the Unruh Civil Rights Act, in that the Act does not require any construction, alteration, repair (structural or otherwise) or modification of any sort whatsoever to any existing establishment or building or any other structure (Civil Code section 51).

**ELEVENTH AFFIRMATIVE DEFENSE**

As an eleventh separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that at the time and place of the alleged failure to make the facility accessible, any resultant injuries sustained by the Plaintiff, if any, or damages, if any, were proximately contributed to and caused by the failure of the Plaintiff to exercise proper and/or ordinary care, caution or prudence on his own behalf at the time of said incident, and said failure on Plaintiff's part bars or diminished Plaintiff's recovery herein.

**TWELFTH AFFIRMATIVE DEFENSE**

As a twelfth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that at all times mentioned herein, Plaintiff failed to use reasonable care to reduce and minimize as much as reasonably possible his damages, if any, and that said failure was the direct and proximate cause of any and all damage sustained by Plaintiff, if any, and therefore, these answering Defendants are not liable to the Plaintiff for damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a thirteenth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege that if Plaintiff suffered or sustained any damages alleged in the Civil Complaint, those damages were proximately caused and contributed to by persons other than these answering Defendants, and liability for all responsible parties, named or unnamed, should be apportioned according to the relative degrees of fault and the liability of these answering Defendants should be reduced accordingly.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a fourteenth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants allege and asserts the Fair Responsibility Act of 1986, codified at Civil Code section 1431-1431.5, limits specified damages recoverable by Plaintiff against this answering Defendant to that portion of Plaintiff's damages which are attributable to these answering Defendants' percentage of fault or liability, if any.

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a fifteenth separate and affirmative defense to the Plaintiff's Civil Complaint, these answering Defendants are informed and believe and based thereon allege that Plaintiff has no standing to file this lawsuit, as he is not a resident of San Diego County.

**SIXTEENTH AFFIRMATIVE DEFENSE**

These answering Defendants presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated affirmative defenses. These answering Defendants herein expressly reserve the right to amend their Answer, upon application to the Court or stipulation of the parties, to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

**WHEREFORE,** these answering Defendant pray for judgment against Plaintiff herein as follows:

(1) That the Plaintiff take nothing by reason of his Civil Complaint;

(2) For equitable contribution by any Defendants or Counter-Defendants, and each of them, on the basis of an apportionment of their respective degrees of legally responsible conduct toward satisfaction of any award or judgment obtained by the Plaintiff;

(3) That these answering Defendants be awarded their attorney's fees and costs of suit incurred herein; and

///

///

(4) For such other and further relief as the court may deem just and proper.

DATED: February 19, 2008                    LAW OFFICE OF ROBERT W. ZICKERT

By _____
Robert W. Zickert, Esq.
Attorney for Defendants,
STONECREST GAS & WASH, INC. and
STONECREST PLAZA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing **DEFENDANTS, STONECREST GAS & WASH, INC. dba STONECREST SHELL AND STONECREST PLAZA, LLC'S, ANSWER TO THE CIVIL COMPLAINT** was this date served upon all counsel of record by placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address as follows:

Lynn Hubbard, III, Esq.                 Attorneys for Plaintiff,
Scott Lynn J. Hubbard, IV, Esq.         CHRIS KOHLER
Disabled Advocacy Group, APLC
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Executed at San Diego, California this 19th day of February, 2008.

_____
Norma Vincent
444 W. "C" St., Ste. 200
San Diego, CA 92101