**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS KOHLER, | ) Civil No.08cv105 L (NLS) |
| Plaintiff, | ) **NOTICE AND ORDER SETTING** |
| v. | ) ***TELEPHONIC* EARLY NEUTRAL** |
| STONECREST GAS & WASH, INC., et al. | ) **EVALUATION CONFERENCE** |
| Defendants. | ) |

**IT IS HEREBY ORDERED** that an Early Neutral Evaluation ("ENE") of your case will be held *telephonically* on *April 3, 2008 at 2:00 p.m.* before Magistrate Judge Nita L. Stormes. Counsel for plaintiff(s) shall be responsible for initiating the *telephonic* ENE. The purpose of the ENE is to permit an informal discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, privileged and confidential. Counsel for any non-English speaking parties is responsible for arranging for the appearance of an interpreter at the conference. **Absent extraordinary circumstances, requests for continuances will not be considered *unless* submitted in *writing* no less than seven (7) days prior to the scheduled conference.**

All parties, adjusters for insured defendants, and other representatives of a party having full and complete authority to enter into a binding settlement, and the principal attorneys responsible for the litigation, must be present *by telephone* and must be legally and factually prepared to discuss settlement of the case. Full authority to settle means that the individuals at the ENE be authorized to fully explore

settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with unlimited settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Pitman*, 216 F.R.D. at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods*, Inc., 270 F.3d 590, 595-597 (8th Cir. 2001). <u>Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and will also result in the immediate termination of the conference.</u> Sanctions will include, but will not be limited to, the attorney's fees and travel costs of the other parties in the case.

**Based upon the Court's familiarity with these matters and in the interest of promoting the just, efficient and economical determination of this action, the Court hereby issues the following Mandatory Procedures to be followed by the parties in preparing for the ENE.**

1. All Formal Discovery is stayed until the completion of the ENE.

2. No later than ***March 6, 2008***, plaintiff's counsel shall serve on opposing counsel and lodge with Magistrate Judge Stormes' chambers a statement, ***not in excess of five pages***, including:

    (a) An itemized list of all claimed violations of the Americans with Disabilities Act on the subject premises;

    (b) A statement of the amount of damages claimed by plaintiff in this action and by what legal authority plaintiff is entitled to such damages;

    (c) The amount claimed for attorney's fees and costs; and

    (d) The plaintiff's demand for settlement of the case in its entirety.

    (e) Plaintiff's statement shall include as an attachment, any expert or consultant report regarding the premises and the alleged violations. In addition, at the ENE, plaintiff's counsel shall be prepared to present for *in camera* review, documentation in support of the amount of attorney's fees and costs claimed.

///

3. After service of plaintiff's statement and no later than ***March 20, 2008***, counsel for the parties, and any unrepresented parties, ***shall meet and confer in person at the subject premises*** regarding settlement of (1) the alleged premise violations, and (2) damages, costs and attorney's fees. Plaintiff's counsel shall be responsible to make the arrangements for the conference. **The meet and confer obligation cannot be satisfied by telephone or the exchange of letters.**

4. No later than ***March 27, 2008***, counsel for all parties shall lodge with Magistrate Judge Stormes' chambers a **joint statement not in excess of two (2) pages**, certifying that the required in-person conference between counsel has taken place and setting forth the results of the meet and confer and the issues remaining to be discussed at the time of the ENE.

5. In the event the case does not settle prior to or at the ENE, the court will issue a scheduling order setting deadlines for completing discovery and dates for other pre-trial proceedings.

**The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

Questions regarding this case or the mandatory guidelines set forth herein may be directed to the Magistrate Judge's law clerks at (619) 557-5391.

A Notice of Right to Consent to Trial Before a United States Magistrate Judge is attached for your information.

DATED: February 19, 2008

Hon. Nita L. Stormes
U.S. Magistrate Judge

# NOTICE OF RIGHT TO CONSENT TO TRIAL
# BEFORE A UNITED STATES MAGISTRATE JUDGE

IN ACCORDANCE WITH THE PROVISIONS OF 28 U.S.C. § 636(c), YOU ARE HEREBY NOTIFIED THAT A U.S. MAGISTRATE JUDGE OF THIS DISTRICT MAY, UPON THE CONSENT OF ALL PARTIES, ON FORM 1A AVAILABLE IN THE CLERK'S OFFICE, CONDUCT ANY OR ALL PROCEEDINGS, INCLUDING A JURY OR NON-JURY TRIAL, AND ORDER THE ENTRY OF A FINAL JUDGMENT. COUNSEL FOR THE PLAINTIFF SHALL BE RESPONSIBLE FOR OBTAINING THE CONSENT OF ALL PARTIES, SHOULD THEY DESIRE TO CONSENT.

YOU SHOULD BE AWARE THAT YOUR DECISION TO CONSENT OR NOT TO CONSENT IS ENTIRELY VOLUNTARY. ONLY IF ALL PARTIES CONSENT WILL THE JUDGE OR MAGISTRATE JUDGE TO WHOM THE CASE HAS BEEN ASSIGNED BE INFORMED OF YOUR DECISION.

JUDGMENTS OF THE U.S. MAGISTRATE JUDGES ARE APPEALABLE TO THE U.S. COURT OF APPEALS IN ACCORDANCE WITH THIS STATUTE AND THE FEDERAL RULES OF APPELLATE PROCEDURE.