1  **Donald A. Vaughn, Esq. (Bar No. 110070)**
   **VAUGHN & VAUGHN**
2  **501 West Broadway, Suite 750**
   **San Diego, CA 92101**
3  **Tel: (619) 237-1717 / Fax: (619) 237-0447**
   **E-Mail: vandvlaw@pacbell.net**
4
   Attorneys for Defendants VINCENT MANNO, Trustee
5  Of The Vincent D. Manno Trust Agreement Dated April
   23, 1991; CAROL ANN CARLETON, Trustee Of The
6  Carol A. Carlton Trust Agreement Dated May 2, 1991;
   FILOMENA R. BUCKINGHAM, Trustee Of The
7  Filomena R. Buckingham Trust Agreement Dated MAY
   2, 1991; AMELIA M. LUCAS, Trustee Of The
8  Filomena R. Buckingham Trust Agreement Dated May
   2, 1991; FILOMENA R. BUCKINGHAM, Trustee Of
9  The Amelia M. Lucas Trust Agreement Dated May 2,
   1991; AMELIA M. LUCAS, Trustee Of The Amelia M.
10 Lucas Trust Agreement Dated May 2, 1991; LARRY M.
   LUCAS, Trustee Of The Lucas Family Trust U/D/T
11 Dated January 22, 1991; and AMELIA M. LUCAS,
   Trustee Of The Lucas Family Trust U/D/T Dated
12 January 11, 1991

13                    **UNITED STATES DISTRICT COURT**

14                    **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 15  CHRIS KOHLER, | Case No. 08CV0105L(NLS) |
| 16         Plaintiff, | **ANSWER TO COMPLAINT** |
| 17  v. | |
|     STONECREST GAS & WASH, INC., dba STONECREST | |
| 18  SHELL; STONECREST PLAZA, LLC; BARRY JAY | |
|     STONE; STONECREST SQUARE AUTO CENTER, | |
| 19  LLC; VINCENT MANNO, TRUSTEE OF THE | |
|     VINCENT D. MANNO TRUST AGREEMENT DATED | |
| 20  APRIL 23, 1991; CAROL ANN CARLETON, TRUSTEE | |
|     OF THE CAROL A. CARLTON TRUST AGREEMENT | |
| 21  DATED MAY 2, 1991; FILOMENA R. BUCKINGHAM, | |
|     TRUSTEE OF THE FILOMENA R. BUCKINGHAM | |
| 22  TRUST AGREEMENT DATED MAY 2, 1991; AMELIA | |
|     M. LUCAS, TRUSTEE OF THE FILOMENA R. | |
| 23  BUCKINGHAM TRUST AGREEMENT DATED MAY 2, | |
|     1991; FILOMENA R. BUCKINGHAM, TRUSTEE OF | |
| 24  THE AMELIA M. LUCAS TRUST AGREEMENT | |
|     DATED MAY 2, 1991; AMELIA M. LUCAS, TRUSTEE | |
| 25  OF THE AMELIA M. LUCAS TRUST AGREEMENT | |
|     DATED MAY 2, 1991; LARRY M. LUCAS, TRUSTEE | |
| 26  OF THE LUCAS FAMILY TRUST U/D/T DATED | |
|     JANUARY 22, 1991; and AMELIA M. LUCAS, | |
| 27  TRUSTEE OF THE LUCAS FAMILY TRUST U/D/T | |
|     DATED JANUARY 11, 1991, | |
| 28         Defendants. | |

COME NOW Defendants VINCENT MANNO, Trustee Of The Vincent D. Manno Trust Agreement Dated April 23, 1991; CAROL ANN CARLETON, Trustee Of The Carol A. Carlton Trust Agreement Dated May 2, 1991; FILOMENA R. BUCKINGHAM, Trustee Of The Filomena R. Buckingham Trust Agreement Dated MAY 2, 1991; AMELIA M. LUCAS, Trustee Of The Filomena R. Buckingham Trust Agreement Dated May 2, 1991; FILOMENA R. BUCKINGHAM, Trustee Of The Amelia M. Lucas Trust Agreement Dated May 2, 1991; AMELIA M. LUCAS, Trustee Of The Amelia M. Lucas Trust Agreement Dated May 2, 1991; LARRY M. LUCAS, Trustee Of The Lucas Family Trust U/D/T Dated January 22, 1991; and AMELIA M. LUCAS, Trustee Of The Lucas Family Trust U/D/T Dated January 11, 1991, and, answering solely on behalf of themselves, and severing themselves from their Co-Defendants, and in answer to Plaintiffs' Complaint on file herein, admit, deny, and allege as follows:

## ANSWER TO COMPLAINT

1. Answering the allegations of Paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 13, 14, 15, 17, 18, 20, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 35, 36, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, and 52 of the Complaint, these answering Defendants deny each and every allegation contained in said paragraphs.

2. Answering the allegations of Paragraph 8, these answering Defendants lack sufficient information or belief to admit or deny the allegations of said paragraph and, basing their denial upon said lack of information and belief, deny generally and specifically each and every allegation contained in said paragraph.

3. Answering the allegations of Paragraphs 10, 11, 12, and 23, these answering Defendants are informed and believe that the allegations stated therein are inaccurate and, basing their denials upon said information and belief, deny generally and specifically each and every allegation contained in said paragraphs.

4. Answering the allegations of Paragraphs 16, 33, 40, and 48, these answering Defendants incorporate their previous denials and other responses to the paragraphs referenced therein as if each was set forth herein again *in haec verba*.

5. Answering the allegations of Paragraph 19 of the Complaint, these answering Defendants admit that the term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Except as expressly admitted herein, these answering Defendants deny each and every remaining allegation contained in said paragraph.

6. Answering the allegations of Paragraph 21 of the Complaint, these answering Defendants admit that Kohler alleges removal of purported architectural barriers is readily achievable, but not that this is indeed the case. Except as expressly admitted herein, these answering Defendants deny each and every remaining allegation contained in said paragraph.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

7. As and for a first affirmative defense, these answering Defendants allege, on information and belief, that Plaintiff is pursuing the within action in bad faith, and without giving these answering Defendants any opportunity to address or correct the purported violations upon which Plaintiff's action is based.

**SECOND AFFIRMATIVE DEFENSE**

8. As and for a second affirmative defense, these answering Defendants allege that Plaintiff was negligent in and about the events underlying his Complaint and that, under the Doctrine of Comparative Negligence, Plaintiff is barred, or proportionally foreclosed, from any recovery.

**THIRD AFFIRMATIVE DEFENSE**

9. As and for a third affirmative defense, these answering Defendants allege that Plaintiff is barred from recovery herein under the Doctrine of Unclean Hands.

**FOURTH AFFIRMATIVE DEFENSE**

10. As and for a fourth affirmative defense, these answering Defendants allege that the purported statutory authority under which Plaintiff premises liability is inapplicable to the within matter.

### FIFTH AFFIRMATIVE DEFENSE

11. As and for a fifth affirmative defense, these answering Defendants allege that all applicable governmental authorities approved the subject construction and granted appropriate certificates of completion, and that Defendants' reliance thereon bars Plaintiff from any recovery herein.

### SIXTH AFFIRMATIVE DEFENSE

12. As and for a sixth affirmative defense, these answering Defendants allege that Plaintiff impliedly waived the claims upon which he sues herein.

### SEVENTH AFFIRMATIVE DEFENSE

13. As and for a seventh affirmative defense, these answering Defendants allege that Plaintiff and/or his counsel is/are vexatious litigant(s) and that, as a condition precedent to going forward with the within action, said parties must post security to the credit of these answering Defendants and that, until such security is posted, the instant matter shall be stayed and that, if such security is not posted, the instant matter shall be dismissed with prejudice.

### EIGHTH AFFIRMATIVE DEFENSE

14. As and for an eighth affirmative defense, these answering Defendants allege that modification of existing facilities is technically infeasible, prohibitively expensive, and/or impossible.

### NINTH AFFIRMATIVE DEFENSE

15. As and for a ninth affirmative defense, these answering Defendants allege that alterations to address the items alleged in Plaintiff's Complaint herein are, in whole or in part, not readily achievable.

WHEREFORE, these Answering Defendants pray that:

1. The within action be dismissed with prejudice and judgment be entered in their favor;

2. That Plaintiff take no relief from the within action;

3. That Defendants receive their attorney's fees and litigation expenses;

4. For costs of suit;

5. That Plaintiff and his counsel be ordered to post security for Defendants' attorney's fees and costs, that the instant matter be stayed until such security is posted, and that it be dismissed if Plaintiff and/or his counsel decline to post such security; and

6. For such other relief as the Court may deem just and proper.

Dated: March 25, 2008                    VAUGHN & VAUGHN

By:  /s/ Donald A. Vaughn
DONALD A. VAUGHN
Attorneys for Defendants VINCENT MANNO, Trustee Of The Vincent D. Manno Trust Agreement Dated April 23, 1991; CAROL ANN CARLETON, Trustee Of The Carol A. Carlton Trust Agreement Dated May 2, 1991; FILOMENA R. BUCKINGHAM, Trustee Of The Filomena R. Buckingham Trust Agreement Dated MAY 2, 1991; AMELIA M. LUCAS, Trustee Of The Filomena R. Buckingham Trust Agreement Dated May 2, 1991; FILOMENA R. BUCKINGHAM, Trustee Of The Amelia M. Lucas Trust Agreement Dated May 2, 1991; AMELIA M. LUCAS, Trustee Of The Amelia M. Lucas Trust Agreement Dated May 2, 1991; LARRY M. LUCAS, Trustee Of The Lucas Family Trust U/D/T Dated January 22, 1991; and AMELIA M. LUCAS, Trustee Of The Lucas Family Trust U/D/T Dated January 11, 1991

**Kohler v. Stonecrest Square Gas & Wash, Inc., et al.**
United States District Court Case No. 08cv0105 L NLS

### CERTIFICATE OF SERVICE VIA CM/ECF SYSTEM

I hereby certify that on **March 25, 2008**, I electronically filed the document entitled:

### ANSWER TO COMPLAINT

with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System. The Court's CM/ECF system will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

| | |
|---|---|
| Lynn Hubbard, III, Esq.<br>Scottlynn J. Hubbard, IV, Esq.<br>DISABLED ADVOCACY GROUP, APLC<br>12 Williamsburg Lane<br>Chico, CA 95926<br>Tel: (530) 895-3252 / Fax: (530) 894-8244<br>E-mail: usdcso@hubslaw.com | Counsel for Plaintiff CHRIS KOHLER |
| Robert W. Zickert, Esq.<br>LAW OFFICE OF ROBERT W. ZICKERT<br>444 West C Street, Suite 200<br>San Diego, California 92101<br>Tel: (619) 685- 6888 / Fax: (619) 544-1961<br>E-mail: RZickert@aol.com | Counsel for Defendants STONECREST GAS & WASH, INC., dba STONECREST SHELL and STONECREST PLAZA, LLC |

Pursuant to the CM/ECF system, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that I executed this Certificate of Service on **March 25, 2008**, at San Diego, California.

_____
LINNE J. BURKS